**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**JOHNNIE L. HILL**                                                      **PETITIONER**

**VS.**                            **CASE NO. 5:16CV00248 JLH/PSH**

**WENDY KELLEY, Director of the
Arkansas Department of Correction**                      **RESPONDENT**

**AMENDED AND SUBSTITUTED PROPOSED FINDINGS AND
RECOMMENDATION**

**INSTRUCTIONS**

The following amended and substituted recommended disposition has been sent to United

States District Judge J. Leon Holmes.  You may file written objections to all or part of this

Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or

legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen

(14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions

of fact.

**DISPOSITION**

A Proposed Findings and Recommendation ("F&R") was issued by the undersigned on

March 14, 2017.[1]  This Amended and Substituted Proposed Findings and Recommendation replaces

the F&R.

Johnnie L. Hill ("Hill") seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254.  Hill is

---

[1]Part of the F&R included a history of the filings by Johnnie L. Hill ("Hill") in state court. The history of Hill's state court litigation was incomplete.  Hill, in a pleading styled as a Notice filed on February 8, 2017, informed the Court of additional pleadings he filed in his original criminal case.  Docket entry no. 25.  Respondent Wendy Kelley ("Kelley") filed a response, agreeing with Hill that there were additional filings made by Hill and that Kelley was previously unaware of these filings.  Docket entry no. 26.

currently in the custody of the Arkansas Department of Correction (ADC). In 1984, Hill was convicted of two counts of rape, two counts of aggravated robbery, and two counts of kidnapping. He was sentenced to a total of 136 years' imprisonment.[2] In his direct appeal, Hill raised three claims for relief: (1) the trial court erred when it did not declare a mistrial after jury members saw him wearing handcuffs; (2) the prosecutor commented on his failure to deny guilt, resulting in prejudicial error; and (3) there was insufficient evidence to support the convictions. *Hill v. State*, 285 Ark. 77 (1985). The Supreme Court of Arkansas affirmed Hill's convictions in early 1985. Although Hill filed numerous state court pleadings, which are outlined below, he did not timely seek Rule 37 relief. The various state pleadings are:

* Motion for transcript was filed with the trial court in May 1986. The prosecution responded, noting, among other things, that such a motion could not be construed as a Rule 37 petition because, at that time, Rule 37 required a petitioner to first obtain permission from the Arkansas Supreme Court before a petition could be filed. Docket entry no. 25, pages 9-10. The trial court denied the motion for transcript, finding Hill stated no grounds for the provision of transcript at public expense. The trial court also held Hill barred from having the motion construed as one for Rule 37 relief since prior permission from the Arkansas Supreme Court was not given. Docket entry no. 25, pages 11-12.

* Petition for writ of error coram nobis was filed with the trial court in August 1986. Docket entry no. 25, pages 5-6. This petition was denied by the trial court in September 1986. The Court found Hill's allegations of ineffective assistance of counsel were "nothing more than mere conclusions." Docket entry no. 25, page 7.

* Motions filed with the trial court alleging DNA evidence would prove his innocence, filed in March and April, 2012. These were denied by the trial court in April 2012.

---

[2]Hill received 10 year sentences for the kidnappings, 25 year sentences for the aggravated robberies, and 33 year sentences for the rapes, with the sentences to be served consecutively.

\*      Motion filed with trial court asking that attorney Steven Davis be relieved as counsel, and alleging insufficient evidence, filed in April 2012 and denied in May 2012.

\*      State court petition for writ of habeas corpus filed in Lee County Circuit Court in July 2012.  The petition was denied, and the Supreme Court of Arkansas dismissed the appeal in April 2013 because the claims raised were not cognizable in a state habeas corpus action.  *Hill v. State*, 2013 Ark. 143.

\*      A motion for belated appeal and rule on the clerk was filed in September 2013 in the original appeal.  The Supreme Court of Arkansas denied the motion in February 2014.  *Hill v. State*, 2014 Ark. 57 (*per curiam*).

\*      A motion to proceed *in forma pauperis* was filed with the trial court in April 2015.  This motion was denied in May 2015.

\*      A motion to correct an illegal sentence was filed with the trial court in October 2015.  This motion was construed to be an untimely Rule 37 petition and dismissed in November 2015.

\*      Another motion to correct an illegal sentence was filed with the trial court in December 2015.  The petition was dismissed in January 2016.

\*      A state court petition for writ of habeas corpus was filed with the trial court in January 2016.  This was denied, and Hill appealed to the Supreme Court of Arkansas,       where the appeal was dismissed. *Hill v. State*, 2016 Ark. 258 (*per curiam*).

\*      A motion to proceed *in forma pauperis* on a petition for declaratory judgment and writ of mandamus was filed with the trial court in May 2016.  This motion is apparently pending.

\*      A "motion to suppress hearing" was filed with the trial court in March 2012, and it appears no ruling was issued.

These various state court pleadings are catalogued as exhibits to docket entry no. 16, and

3

found in docket entry no. 25.

On August 8, 2016, Hill filed this federal habeas corpus petition, alleging the following claims for relief:

1.  He is actually innocent;

2.  The state courts illegally thwarted his efforts to show his actual innocence;

3.  He was denied effective assistance of counsel at trial and on direct appeal; and

4.  The trial court erred by following the jury's recommendation to impose consecutive sentences.

Respondent Wendy Kelley ("Kelley") alleges that claims 1, 2, and 4 are not cognizable claims in a federal habeas corpus action, that the petition is barred by the statute of limitations, and that claims 2-4 are barred due to Hill's failure to adequately raise these claims in state court. By earlier Court Order, Hill was notified of his opportunity to address Kelley's assertions, and he submitted a pleading explaining why his claims should not be dismissed. Docket entries nos. 17 & 22. We first consider if Hill's claims are properly before the Court.

*Statute of Limitations:*  Kelley alleges that the statute of limitations bars consideration of these claims.[3] Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

---

[3]Although Kelley cites only claims 1, 3, and 4 as possibly barred by the statute of limitations, we find that all four claims may be subject to being time-barred.

> review; or

> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Kelley contends for petitioners such as Hill, who were convicted prior to the enactment of the limitations period in 1996, a timely habeas corpus petition must have been filed on or before April 24, 1997. This petition was filed more than nineteen years after the limitations period began to run. Thus, the respondent urges that Hill's failure to act sooner is fatal to the petition.

Hill counters Kelley's argument in a pleading alleging numerous reasons for failing to timely present his claims, as well as advancing thirteen[4] additional claims for relief. Docket entry no. 22. These additional claims are subject to the same statute of limitations analysis to be applied to the four claims advanced in the original petition. Hill does not allege the petition was timely filed.

We find Hill should have filed his petition on or before April 24, 1997, in order to comply with the limitations requirements. His direct appeal concluded in February 1985, which means he had roughly twelve years in which to file a timely federal habeas corpus petition. His 1986 filing of a motion for transcript and petition for writ of error coram nobis are not "properly filed" postconviction petitions as envisioned by the statute. Even if they were deemed to be properly filed, they would only operate to stop the limitations clock from, at most, May 1986 until September 1986. This brief intermission is of no benefit when Hill failed to file his federal petition until August 2016. Hill's later-filed pleadings in state court (eleven different motions or petitions were filed between March 2012 and January 2016) cannot operate to statutorily toll the limitations period because these were all filed after the limitations period had expired. Therefore, even if we generously assume that these state court filings were "properly filed" petitions as defined by 28 U.S.C. § 2244(2), "there was no federal limitations period remaining to toll." *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir.

---

[4]These claims are ten claims of ineffective assistance of counsel, two claims of a *Brady* violation, and a claim that the pretrial identification of Hill was unnecessarily suggestive.

2001).

The failure to comply with the statutory requirements does not end the discussion, however, since this failure can be excused under some circumstances pursuant to the doctrine of equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Johnson v. Hobbs*, 678 F.3d 607, 610 (8th Cir. 2012) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In addition, the extraordinary circumstance preventing a petitioner from timely compliance must be external to the petitioner and not attributable to him. *Riddle v. Kemna*, 523 F.3d 850 (8th Cir. 2008) (*en banc*). Equitable tolling is an "exceedingly narrow window of relief." *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).

Liberally construing Hill's pleadings, he argues the following reasons for equitably tolling the limitations period: (1) he was and is illiterate; (2) he tried to find exculpatory evidence and still is looking for it; (3) he has a severe learning disability and remains unable to obtain his GED; (4) he has no physical access to the law library since he has been continuously housed in the prison's administrative segregation area; (5) he has not had adequate access to jailhouse lawyers; (6) he received ineffective assistance of counsel; (7) a statement from a biased witness was introduced; (8) the prosecutor withheld evidence; (9) he received an unfair trial; (10) he is actually innocent; and (11) the trial court lacked jurisdiction.

We first consider whether Hill diligently pursued his rights. The record shows that Hill did not pursue his rights diligently. Hill filed a motion for transcript and a petition for writ of error coram nobis with the trial court in 1986. He did not appeal the trial court's rulings. He did not seek permission from the Arkansas Supreme Court to file a Rule 37 petition following his conviction. Then, he waited twenty six years before he filed for relief in state court in March 2012, and waited more than four more years before filing this federal habeas petition in August 2016. That is not the level of diligence required for equitable tolling. *See, e.g., Nelson v. Norris*, 618 F.3d 886 (8th Cir. 2010) (delay of nine months showed lack of diligence); *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)

6

(petitioner who waited five months was not diligent); and *Earl v. Fabian*, 556 F.3d 717 (8th Cir. 2009) (failure to file in an eight month period showed lack of diligence).

Even if we were to assume diligence on Hill's part, he must also demonstrate an extraordinary circumstance, external to him, which stood in the way of timely compliance. None of Hill's eleven assertions satisfy this requirement. Some of the assertions, such as his efforts to find exculpatory evidence, ineffective assistance of counsel, introduction of a statement from a biased witness, withholding of evidence by the prosecutor, receiving an unfair trial, and the absence of jurisdiction in the trial court, are rather broad assertions without factual support. For example, it appears that Hill complains that a statement from witness Antonio Pike was withheld by the prosecution. The trial transcript belies this belief, as Antonio Pike testified, was cross examined about his statement, and the statement was introduced into evidence. Docket entry no. 16-5, pages 13-57, 156. Also, the statement of Antonio Pike was not exculpatory. These conclusory assertions fall far short of establishing a barrier which prevented Hill from filing a timely habeas corpus petition.

In addition, Hill's claims of illiteracy, a learning disability, and lack of access to the law library and jailhouse lawyers do not constitute valid reasons for his failure to comply with the filing deadlines. Neither pro se status nor a lack of legal knowledge warrants equitable tolling. *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004). In addition, Hill does not demonstrate shortcomings in the law library or legal assistance program stymied his efforts. *Finch v. Miller*, 491 F.3d 424 (8th Cir. 2007). Finally, beginning in 2012 Hill demonstrated an ability to utilize the court system, filing eleven lawsuits of various natures in state court over the next four years. Hill offers no reason why he was unable to pursue legal actions prior to 2012.

In summary, Hill fails to establish a roadblock was placed in his path as he diligently sought to pursue his legal remedies.

Hill also contends his actual innocence operates to equitably toll the limitations period. In

*McQuiggin v. Perkins*, ___ U.S. ___, 133 S.Ct. 1924 (2013), the Supreme Court held that actual innocence, if proved, may serve as a gateway through which the petitioner may pass to overcome the expiration of the statute of limitations.  The Supreme Court emphasized, however, that a tenable actual innocence gateway plea is rare.  To advance a tenable claim, the petitioner must meet the standard set forth by the Supreme Court in an earlier case:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995).  The Court goes on to set the standard required of Hill; he "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  513 U.S. at 327.  Here, Hill makes mention of scientific evidence but provides no new reliable evidence. The Arkansas Supreme Court noted that Hill "did not identify any newly discovered evidence that he wished to have tested, and he did not request that any specific evidence, known or otherwise, be tested." *Hill v. State*, 2016 Ark. 258, at 2-3.  Hill also cites the statement of Antonio Pike to support the claim of innocence.  However, this is simply revisiting the evidence adduced at trial rather than offering new evidence.  The assertion of scientific evidence and the citation to the statement of Antonio Pike fail to satisfy the *Schlup* standard requiring new reliable evidence.

**Conclusion:** This federal petition was untimely filed by roughly 19 years.  There is no basis for tolling this limitations period under either the terms of the statute or under the doctrine of equitable tolling.  As a result, we recommend the petition be dismissed as untimely.[5]

---

[5]Kelley also seeks dismissal due to Hill's procedural default of some claims.  We need not and do not address the procedural default argument except to note that the state of the law in this area is unsettled.  *See Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 133 S.Ct. 1913 (2013). Any *Martinez* based argument applies to procedural bar analysis, but does not apply untimeliness issues.  *See, e.g., Jefferson v. Kelley*, 2016 WL 393889 (E.D. Ark. Jan. 29, 2016).  Similarly, there is no need to consider the argument some claims, which are clearly time-barred, are not cognizable.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this 14th day of March, 2017.

_____
UNITED STATES MAGISTRATE JUDGE